UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
SERGEY SHISHKIN,

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-cv-4201 (CBA)

                            Petitioner,

        -against-

UNITED STATES,

**FILED**
**IN CLERK'S OFFICE**
**U.S. DISTRICT COURT E.D.N.Y.**

                            Respondent.

★    3 0 2013    ★

--------------------------------------------------------------X

**AMON, Chief United States District Judge.**

Petitioner Sergey Shishkin, <u>pro se</u>, filed this motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. For the reasons stated below, the Court construes Shishkin's petition as one for a writ of error <u>coram nobis</u> and denies the petition.

## BACKGROUND

In 2008, Shishkin was convicted of one count of visa fraud conspiracy in violation of 18 U.S.C. § 371 and four substantive counts of visa fraud in violation of 18 U.S.C. § 1546(a). At trial, the government presented evidence that Shishkin and co-defendant Grigoriy Polyakov operated the Tuscan Company, an entity that filed 118 false applications to convert six-month tourist visas into student visas. Each of the applications listed Brooklyn addresses controlled by the Tuscan Company and were supported by false documents purporting to show the visa applicants' enrollment in schools and bank account statements. The government called six witnesses, who testified that they had arrived in the United States on tourist visas and that the Tuscan Company had procured student visas for them by filing false applications. Four of these witnesses – Damir

Nigmatulin, Irina Petrenko, Mikheil Mestvirishvili, and Ieva Samsonova – identified Shishkin in court.

On January 3, 2008, this Court sentenced Shishkin to 33 months' imprisonment and three years' supervised release. Shishkin appealed with new counsel, challenging his conviction on four grounds: (1) that his conviction was not supported by sufficient evidence in violation of his Fifth Amendment right to due process; (2) that the indictment failed to charge a crime under 18 U.S.C. § 1546; (3) that comments made by the government in its rebuttal summation required reversal of his conviction; and (4) that this Court erred in applying U.S.S.G. § 2L2.1 instead of § 2B1.1 and in "improper use of upward departures." By summary order dated February 17, 2009, the Court of Appeals for the Second Circuit affirmed Shishkin's conviction. See United States v. Polyakov, 309 F. App'x 520, 522, 2009 WL 368507 (2d Cir. 2009). Shishkin then appealed to the United States Supreme Court. His petition for a writ of certiorari was denied on October 5, 2009.

After completing his term of incarceration on October 29, 2009, Shishkin was removed from the United States and was deported to Russia. On September 14, 2010, the Court received the instant petition. Shishkin challenges his conviction on seven grounds: (1) he was denied due process due to numerous alleged instances of prosecutorial misconduct; (2) the indictment failed to charge a crime pursuant to 18 U.S.C. § 1546(a); (3) comments made by the government in its rebuttal summation required reversal of his conviction; (4) the Court erred in applying sentencing guideline 2L2.1 instead of 2B1.1 and in applying an upward departure; (5) the sentence imposed under 2L2.1 was too high; (6) he received ineffective assistance of trial counsel; and (7) he received ineffective assistance of appellate counsel.

2

## DISCUSSION

### I.   Motion to Vacate Under § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner can seek post-conviction relief in cases where his sentence: "(1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004).  To "invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255" at the time the petition is filed. Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994).

Shishkin argues that he is "in custody" for purposes of a § 2255 petition.  (Pet. ¶ 11.) When he completed his 33-month term of incarceration on October 29, 2009, his term of supervised release was scheduled to run until October 29, 2012.  He claims to have been in custody at the time he filed his petition in September 2010 because petitioners subject to supervised release are generally considered "in custody," Scanio, 37 F.3d at 860.  (Reply at 1.)  However, upon the completion of Shishkin's term of imprisonment, Immigrations and Customs Enforcement ("ICE") immediately took Shishkin into custody pending deportation.  (See Mem. in Opp. at 25, Ex. 4.)  The United States Probation Department for the Eastern District of New York then administratively placed Shishkin's case on "inactive status" and attests that Shishkin has never been under its active supervision.  (Id.)  By the time Shishkin filed his petition, he had already been deported to Russia.  The "in custody" requirement exists "to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty," Hensley v. Mun. Court, 411 U.S. 345, 351 (1973).  Once Shishkin had "been deported and his supervision ended, he no longer was

3

in a situation in which 'his freedom of movement rests in the hands of judicial officers, who may demand his presence at any time and without a moment's notice' and in which 'disobedience is itself a criminal offense.'" Ullah v. United States, No. 09-CV-938A, 2010 WL 144401, at *2 (W.D.N.Y. Jan. 11, 2010) (quoting Hensley, 411 U.S. at 351). Shishkin, who is living abroad without any accountability to or oversight by judicial officers of the United States, is therefore not "in custody" for purposes of a § 2255 petition. See Ullah, 2010 WL 144401, at *2 (deported § 2255 petitioner not "in custody" because his term of supervised release ended "for practical purposes" on the date of his deportation).

Shishkin claims that he is in custody because he "was deported as a consequence of this conviction" and "his liberty is limited" because he cannot rejoin his "wife, daughter, and [other] relatives" in the United States. (Pet. ¶ 16.) Although this may be true, "collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008) (quoting Maleng v. Cook, 490 U.S. 488, 492 (1989)). That Shishkin has been deported and cannot now return to the United States also does not suffice to render him "in custody." Consequently, the Court lacks jurisdiction to consider Shishkin's § 2255 petition.

## II.     Writ of Error Coram Nobis

Shishkin requests that the Court construe his petition as a writ of error coram nobis in the event the Court finds that it lacks jurisdiction to review his habeas petition. (See Reply at 2, 3). Coram nobis is an "extraordinary remedy" authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence. See United States v. Morgan, 346 U.S. 502, 511 (1954); see also Fleming v. United States, 146 F.3d 88, 89-90 (2d

4

Cir. 1998) (a writ of error <u>coram nobis</u> is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus."). A writ of error <u>coram nobis</u> will "issue only where extraordinary circumstances are present." <u>Nicks v. United States</u>, 955 F.2d 161, 167 (2d Cir. 1992).

Relief under the writ is limited to those cases in which "errors of the most fundamental character have rendered the proceeding itself irregular and invalid." <u>Foont v. United States</u>, 93 F.3d 76, 78-79 (2d Cir. 1996) (internal quotation marks and ellipsis omitted). In reviewing a petition for the writ, the "proceedings leading to the petitioner's conviction are presumed to be correct, and the burden rests on the accused to show otherwise." <u>Id.</u> (internal quotation marks omitted). The Court is mindful, however, that "[a] document filed <u>pro se</u> is to be liberally construed . . . and a <u>pro se</u> [submission] . . . must be held to less stringent standards than formal [submissions] drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

To obtain <u>coram nobis</u> relief, a petitioner must show that: (1) "there are circumstances compelling such action to achieve justice;" (2) "sound reasons exist for failure to seek appropriate earlier relief;" and (3) "the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." <u>See Fleming</u>, 146 F.3d at 90.

A.    <u>Continuing Legal Consequences</u>

To satisfy the third threshold requirement for <u>coram nobis</u> relief, Shishkin must demonstrate that there are continuing legal consequences to his conviction. <u>Id.</u> Only concrete threats of serious harm suffice to meet this test. <u>Porcelli v. United States</u>, 404 F.3d 157, 158 (2d Cir. 2005); <u>see, e.g.</u>, <u>Fleming</u>, 146 F.3d at 91 (affirming denial of writ where petitioner argued he suf-

fered from a continuing legal consequences because he was prohibited from becoming a securities broker but provided no evidence that he sought and had been denied a license). Shishkin has identified a continuing legal consequence of his conviction: he has been deported to Russia and may not reenter the United States to rejoin his wife and daughter. See Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004) (finding habeas petitioner suffered collateral consequences where he faced "a lifetime bar from reentering the United States as a result of having been ordered removed after an aggravated felony conviction").

B.    Delay in Seeking Coram Nobis Relief

Shishkin must also establish that reasons exist for his failure to raise the claims he pursues here at an earlier date. A writ of error coram nobis is not available if a petitioner could have sought earlier relief, including on direct appeal or through habeas. See Calvert v. United States, No. 06-CV-1722 (CBA), 2007 WL 160918, at *3 (E.D.N.Y. Jan. 17, 2007) (finding petitioner was not entitled to a writ of error coram nobis because he failed to explain why he did not seek relief through direct appeal or through a habeas petition) aff'd, 351 F. App'x 475 (2d Cir. 2009).

With the exception of the ineffective assistance of counsel claims, all of Shishkin's claims could have been raised or were in fact raised on direct appeal. See Massaro v. United States, 538 U.S. 500, 504-9 (2003) (noting that collateral proceedings in district court may be the best forum to bring ineffective assistance of counsel claims). Shishkin has not pointed to any reason he could not have asserted his prosecutorial misconduct claim earlier. See Foont, 93 F.3d at 80-81 (affirming district court's denial of coram nobis relief that Foont "knew or should have known since the time of his conviction . . . of the facts underlying his current claim" and denying coram nobis relief). Although the ineffective assistance of counsel claims could have been raised in a habeas petition, it is not clear that Shishkin had sufficient time to file a habeas petition

6

prior to his deportation.  Accordingly, with the exception of the ineffective assistance of counsel claims, Shishkin has not satisfied the requirement of establishing valid reasons for his delay in seeking relief.

C.    Compelling Circumstances

Shishkin also fails to meet his burden of demonstrating that the extraordinary remedy of a writ of error coram nobis must be granted.  To show compelling circumstances, a petitioner must show a defect in the proceedings that resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

1.    Claims Brought on Direct Appeal

In claims labeled as grounds two through four of his petition, Shishkin argues that the indictment failed to charge a crime under 18 U.S.C. § 1546; the prosecutor's rebuttal summation was improper and required reversal of his conviction; and that the Court erred in applying U.S.S.G. § 2L2.1 instead of § 2B1.1 and in "improper use of upward departures."  These claims were raised on direct appeal and rejected on their merits by the Court of Appeals for the Second Circuit.  Shishkin may not use the writ of coram nobis to challenge issues already addressed in his direct appeal.  See Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980) (recognizing that, absent an intervening change in the law, a coram nobis petition cannot be used to relitigate matters raised and decided adversely to a defendant on direct appeal).

The Second Circuit determined that that the superseding indictment "tracked the lan-guage" of 18 U.S.C. § 1546(a) and adequately charged a violation of that statute.  Polyakov, 309 F. App'x at 522.  The Court also rejected Shishkin's argument that the government's comments on rebuttal constituted reversible error, holding that the prosecutor was "entitled to comment on a defendant's failure to support his own factual theories with witnesses" and that the case against

7

Shishkin was not one in which the jury "naturally and necessarily would interpret the summation as a comment on the failure of the accused to testify." Id. (quoting United States v. Bubar, 567 F.2d 192, 199 (2d Cir. 1977)). Finally, the Second Circuit held that this Court properly applied U.S.S.G. § 2L2.1 to Shishkin's conviction for violating 18 U.S.C. § 1546(a).[1] Id. Thus, the claims in Shishkin's petition identified as grounds two through four are not eligible for coram nobis relief.

> 2.     Length of Sentence[2]

Shishkin also argues that that this Court erred in sentencing Shishkin to a 33-month term of imprisonment under U.S.S.G. § 2L2.1. Shishkin contends that each of the counts of which he was convicted "represent only one document" and therefore, the "sentence for those count[s] may not exceed 8 months."

Shishkin's argument is baseless. In sentencing Shishkin, this Court properly found the total offense level under the applicable Guidelines was twenty, yielding a range between 33 and 41 months. In arguing that each of the counts "represent only one document," Shishkin may be attempting to rely on U.S.S.G. § 2L2.1 cmt. n. 2, which states that "[w]here it is established that multiple documents are part of a set of documents intended for use by a single person, treat the set as one document." Shishkin cannot rely on the application note, as his offense involved many false visa applications intended for use by separate individuals.

---

[1] Shishkin argues that an "upward departure" of nine levels is only authorized by § 2L1.1(b)(2)(C) where the "offense involved the smuggling, transporting, or harboring of six or more unlawful aliens." It appears that Shishkin has confused § 2L1.1 with § 2L2.1, the guideline under which he was sentenced. Pursuant to U.S.S.G. § 2L2.1(b)(2)(C), this Court applied a nine-level enhancement because Shishkin's offense involved 100 or more documents.
[2] This claim is identified in Shishkin's petition as his fifth ground for relief.

3.   Prosecutorial Misconduct[3]

Shishkin also brings a prosecutorial misconduct claim on the grounds that (1) the government failed to disclose that another person was indicted and pleaded guilty to the same crime of which Shishkin was ultimately convicted; (2) that the procedure used for the witnesses' pretrial identification of Shishkin was suggestive; (3) that the government used an unlicensed interpreter who altered their witnesses' statements; (4) that the government withheld evidence it claimed it possessed during the bail hearing; (5) that the government failed to disclose copies of valid visa applications; (6) that the government withheld Shishkin's travel documents, which Shishkin claims would have shown he was not in the country when the visa fraud occurred; (7) that the government failed to disclose that a member of the jury was related to a "prosecutor's personal assistant"; (8) that the government withheld exculpatory "Approval Notices"; (9) that comments made by the government in its rebuttal summation regarding Shishkin's failure to testify were improper; and (10) that the government failed to provide sufficient evidence to support Shishkin's conviction on the substantive counts of visa fraud.

Prosecutorial misconduct cannot give rise to a constitutional claim "unless the prosecutor's acts constitute 'egregious misconduct.'" Miranda v. Bennett, 322 F.3d 171, 180 (2d Cir. 2003) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 647 (1974)). Any misconduct "must be assessed in the context of the entire trial." Id. (internal quotation marks omitted). The Court has examined each of the alleged instances of prosecutorial misconduct and concludes that none, considered alone or as a whole, constitute a "defect" in Shishkin's trial that "resulted in the complete miscarriage of justice" necessary for coram nobis relief. Davis, 417 U.S. at 346.

---

[3] This claim is identified in Shishkin's petition as his first ground for relief.

9

a) Failure to Disclose that Another Person Pleaded Guilty

Shishkin claims that the government failed to disclose that another individual, Sergey Zakalichnyy, was indicted and pleaded guilty to visa fraud while working at the same address. However, that another person may have pleaded guilty to visa fraud has no bearing on Shishkin's case and is not exculpatory. See, e.g., Fashewe v. United States, No. 99-CV-6857 SJ, 2005 WL 2645002 at *2-3 (E.D.N.Y. Sept. 19, 2005) (denying petitioner's motion to vacate judgment denying § 2255 petition based on the claim that his conviction could not "stand for the same crime to which another person plead guilty"). The Second Circuit determined that the evidence against Shishkin was "more than sufficient" to support his conviction. Polyakov, 309 F. App'x at 522. This claim does not merit coram nobis relief.

b) Suggestive Identification

Shishkin's allegations concerning the witnesses' pre-trial identifications of Shishkin do not give rise to a prosecutorial misconduct claim. Identification testimony is subject to suppression only when the identification procedures were "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to deny a petitioner due process of law. Stovall v. Denno, 388 U.S. 293, 302 (1967) (abrogated on other grounds). After holding a suppression hearing, this Court ruled that the photo arrays used to obtain the witnesses' pretrial identifications of Shishkin were not unduly suggestive. (See Trial Tr. at 3-8.) The Court also determined that, even if the identification procedures had been suggestive, the identifications were independently reliable. (See id.) Factors that influence the reliability of an identification include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the con-

frontation." Neil v. Biggers, 409 U.S. 188, 199-200 (1972); see also Mysholowsky v. People of State of N.Y., 535 F.2d 194, 197 (2d Cir. 1976) (finding an identification reliable when the witness stood next to the robber for 45 seconds while waiting for an elevator and then 35-40 seconds during the robbery); Gonzales v. Smith, No. 09-CV-5507 CBA, 2010 WL 6540402, at *11 (E.D.N.Y. July 30, 2010) (ruling that the identification was sufficiently reliable when witnesses had a "clear view of" and "sufficient time to view the assailant" during a stabbing incident).

This Court considered all relevant factors in determining the witnesses' identifications were independently reliable. (See Trial Tr. at 6-7.) The Court also permitted defense counsel to challenge any in-court identifications through voir dire of the witnesses before they made their identifications. (See id.) Accordingly, the witness identifications of Shishkin did not constitute a "defect" in his trial that "resulted in the complete miscarriage of justice" sufficient to warrant coram nobis relief. Davis, 417 U.S. at 346.

c)     Interpreter Misconduct

Shishkin also claims that the Russian interpreter Bella Krementsova committed misconduct by altering witnesses' statements and suggesting answers to them. With respect to a claim of deficient translation, "the ultimate question is whether the translator's performance has rendered the trial fundamentally unfair." United States v. Huang, 960 F.2d 1128, 1136 (2d Cir. 1992). The claim is subject to harmless error review. See, e.g., Singleton v. Conway, No. 10-CV-6505 MAT, 2011 WL 5187958, at *4 (W.D.N.Y. Nov. 1, 2011) (ruling that errors in translations were harmless when the court dismissed two "plainly incompetent" interpreters and replaced them with two qualified interpreters to whom neither party objected); Pham v. Beaver, 445 F. Supp. 2d 252, 257-58 (W.D.N.Y. 2006) (denying habeas relief when the court corrected translation errors).

The complaints regarding Krementsova's interpretation at trial principally concerned the quality of her translation of counsel's questions into Russian during the testimony of one witness, Damir Nigmatulin.   During the testimony of another witness, counsel for Shishkin's co-defendant told the Court that Krementsova was not accurately translating defense counsel's questions into Russian for the witness. (See Trial Tr. at 318-326.) The Court promptly investigated the matter. A court-appointed interpreter assisting on the case said that while she did not see "any problem" with Krementsova's translation of the witnesses' statements into English, Krementsova's translation into Russian was not "verbatim," though she did not get anything "directly wrong." (Id. at 323-324.) Nevertheless, the Court dismissed Krementsova. (Id.) The Court also recalled Nigmatulin and gave both parties an opportunity to ask further questions. (Id. at 613-14.) Thus, any deficiency in Krementsova's interpretation did not render Shishkin's trial "fundamentally unfair."

> d)      Failure to Disclose Evidence Discussed During Bail Hearing

Shishkin argues that the government concealed evidence it alluded to during his bail hearing, when the government argued it was Shishkin's intention to bring 100 illegal immigrants into the United States. Although Shishkin contends that the government never provided defense counsel "with any pro[of] of such inten[t] in discovery", the government presented evidence of the 118 false visa applications both prior to trial and during trial. (See United States v. Shishkin, No. 06-cr-765, D.E. # 26 (letter enclosing immigration files in connection with student visa applications); Trial Tr. at 82-83.) Shishkin is not entitled to coram nobis relief on this claim.

> e)      Failure to Disclose Valid Visa Applications

Shishkin also claims that it was prosecutorial misconduct for the government not to have disclosed copies of any valid visa applications he prepared. He states that "there is no way to

know at this time how many genuine Approval Notices [the] government failed to disclose." This claim is wholly without merit. That on some occasions Shishkin may have prepared valid visa documentation is irrelevant to his trial and conviction for visa fraud.

f)      Travel Document

In support of his prosecutorial misconduct claim, Shishkin claims that the government "took away . . . his travel document which contained evidence that during the time when the criminal act described in count #5 was committed" he was not in the United States.   Shishkin does not provide any further allegations in support of this argument, and the Court finds it to be without merit. As the government points out, Shishkin need not have been physically present in the United States to have committed visa fraud. (Mem. in Opp. at 41.) In any event, Shishkin fails to allege the "egregious" prosecutorial misconduct necessary to give rise to a constitutional claim. Miranda, 322 F.3d at 180. Shishkin is not entitled to coram nobis relief on this claim.

g)      Withheld "Approval Notices"

Shishkin argues that the government intentionally withheld exculpatory "Approval Notices" which note: "THIS NOTE IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA." (See Pet. Ex. 2.) This claim is meritless. The approval notices to which Shishkin refers are forms used to convert a tourist visa to a F1 visa, which permits a stay for as long as the visa applicant is a student. (See Trial Tr. 40-43.) The Court does not consider the approval notices to be exculpatory evidence.

h)      Juror Six

Shishkin asserts that the government failed to disclose that one of the jurors was a relative of the prosecutor's "personal assistant." Shishkin appears to be referring to the fact that a paralegal employed with the U.S. Attorney's Office, upon entering the courtroom for the first

13

time during summations, recognized Juror Six as her aunt. (Trial Tr. at 1129-30.) The prosecutor brought the issue to the Court's attention promptly and the Court questioned the paralegal, who stated that she had not known her aunt was on the jury until she saw her and that she had not spoken about the case with her aunt. (Id. at 1160-1161.) The Court excused Juror Six before deliberations began. (Id. at 1226-27.) Accordingly, Shishkin suffered no prejudice from having the juror present prior to deliberation.

i)      Sufficiency of Evidence and Comments in Summation

Shishkin's remaining allegations in support of his claim for prosecutorial misconduct – that comments made by the government in its rebuttal summation were improper and that the government presented insufficient evidence to support his conviction on the substantive counts of visa fraud – also fail. As stated above, these arguments were considered and rejected on their merits by the Second Circuit. Polyakov, 309 F. App'x at 522. Shishkin is not entitled to coram nobis relief on this claim.

4.      Ineffective Assistance of Trial Counsel[4]

Shishkin claims that his attorney provided ineffective assistance of counsel during trial. Specifically, Shishkin alleges that his attorney (1) failed to subject the prosecution to meaningful adversarial challenge; (2) did not move to suppress illegally-obtained evidence; (3) failed to object to erroneous jury instructions; (4) failed to read the statute under which petitioner was indicted to "see that the conduct described in [the] indictment does not match the statute requirements"; (5) did not ask for a mistrial on the grounds that the procedure used in the pretrial identifications was suggestive; (6) failed to call as a witness an individual who would testify that the crimes of which Shishkin was charged were committed by someone else; (7) advised Shishkin that his sentence could not be enhanced by the 114 false visa applications not charged as substan-

_____

[4] This claim is identified in Shishkin's petition as his sixth ground for relief.

tive counts in the indictment ; (8) failed to ask for a mistrial due to the "unlicensed interpreter" employed by the government; (9) failed to ask for a mistrial based on discovering that a juror was a close relative of a "prosecutor's personal assistant"; (10) failed to ask for a mistrial based on the government's summation; (11) failed to ask the Court to dismiss the substantive counts of visa fraud for lack of sufficient evidence; and (12) his trial counsel failed to ask the government for evidence it claimed it possessed during the bail hearing.

To bring a successful ineffective assistance of counsel claim, Shishkin must show that his "counsel's performance was deficient . . . [and] that the deficient performance prejudiced" petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). The standard for an attorney's performance is that of "reasonably effective assistance." Id.; see also United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000). To satisfy the prejudice prong of the Strickland test, Shishkin must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome" of the trial. Id.

Shishkin has not made any specific contentions as to the deficiency in his trial counsel's performance that this Court has not already rejected.[5]  Shishkin's conclusory allegations that his trial counsel failed to subject the prosecution to meaningful adversarial challenge, failed to conduct pre-trial discovery and investigation, and failed to object to erroneous jury instructions do not merit coram nobis relief. Shishkin does not identify the individual he believes would have

---

[5] As this Court has already discussed, a nine-level enhancement of Shishkin's sentence pursuant to U.S.S.G. § 2L2.1(b)(2)(C) was appropriate. In support of his ineffective assistance of counsel claim, Shishkin alleges that he asked his attorney about the possibility of the sentencing enhancement during trial and his counsel "instructed him that he cannot be enhanced for those files since they are b[arred] by [the] statute of limitation." Even if Shishkin's counsel did provide erroneous advice as to the applicability of the sentencing enhancement, Shishkin makes no allegation that he was prejudiced by counsel's failure to counsel him otherwise.

offered exculpatory evidence or the objections he believes his counsel should have made, nor does he elaborate on how counsel's alleged errors prejudiced the outcome of his trial. Shishkin is therefore not entitled to coram nobis relief on this claim.

5.    Ineffective Assistance of Appellate Counsel[6]

Shishkin also claims that his appellate counsel provided ineffective assistance of counsel during his appeal. The grounds on which this claim is based are essentially identical to the allegations made elsewhere in his petition. Shishkin claims that his appellate counsel failed to raise the following arguments on appeal: (1) the nine-level enhancement pursuant to § 2L2.1(b)(2)(C) was improper;[7] (2) the government used an unlicensed interpreter who altered their witnesses' statements; (3) the government withheld evidence it claimed it possessed during the bail hearing; (4) the government failed to disclose valid visa applications; (5) the government's withheld Shishkin's travel documents; (6) the government failed to disclose that a jury member was related to an employee of the U.S. Attorney's Office; (7) the government's summation improperly commented on Shishkin's failure to testify; (8) the government withheld exculpatory approval notices; (9) the government failed to provide sufficient evidence to support Shishkin's conviction on the substantive counts of visa fraud; (10) the government failed to disclose that another person pleaded guilty to the same crime; and (11) the procedure used for the witnesses' pretrial identification of Shishkin was unduly suggestive.

The Strickland test applies to appellate counsel as well as trial counsel, and appellate counsel does not have a duty to advance every available non-frivolous argument on appeal. See Jones v. Barnes, 463 U.S. 745, 754, (1983); Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992).

---

[6] This claim is identified in Shishkin's petition as his seventh ground for relief.
[7] Shishkin claims that his appellate counsel "did not object to the numerous mistakes made in the Pre-Sentence Report." Apart from the nine-level sentencing enhancement, however, Shishkin does not identify any other alleged errors in the Report.

16

Shishkin's allegations in support of his ineffective assistance of counsel claim are entirely dupli-
cative of claims Shishkin raised elsewhere in his petition and on direct appeal, all of which were
rejected by this Court.[8]  Thus, counsel's failure to raise these meritless claims was not deficient
performance, nor, for the same reason, was Shishkin prejudiced by their omission.

Shishkin further states that his appellate counsel admitted, in a phone conversation with
Shishkin, that he "had no time to prepare Shishkin's brief" and that the brief was instead pre-
pared by a legal secretary.  Shishkin provides no evidence or supporting facts for this self-
serving assertion and the Court cannot consider it "in the absence of 'greater particularity,' or
'some substantiation to give the claim sufficient credibility to warrant a further investment of
judicial resources in determining the truth of the claim.'" Lejhanec v. United States, No. 99 CV
4387 (ILG), 1999 WL 1487594 at *9 (E.D.N.Y. Nov. 29, 1999) (quoting Underwood v. Clark,
939 F.2d 473, 476 (7th Cir. 1991)).  Moreover, Shishkin's appellate counsel appears to have pro-
vided Shishkin with constitutionally effective assistance.  He filed a thirty-six page brief arguing
for reversal on four grounds and cited thirteen cases in support of his arguments.  This Court
concludes that Shishkin received effective representation on appeal and that Shishkin's argument
regarding counsel's lack of time to prepare or reliance on his secretary does not merit coram
nobis relief.

Finally, Shishkin argues that his appellate counsel failed to submit a pro se supplemental
brief.  On October 10, 2008, Shishkin's appellate attorney submitted a motion seeking leave for
Shishkin to file a pro se supplemental brief.  (See Aff. in Supp. of Mot. To File Supplemental
Br., Mem. in Opp., Ex. 3.)  The motion papers for leave to file summarized the arguments that
would be made in the pro se brief.  Three of the arguments identified in that brief were in fact

---

[8] Shishkin also argues that his appellate counsel was ineffective for failing to submit a notice of appeal in his case.
However, Shishkin cannot satisfy the prejudice prong of Strickland on this claim, since Shishkin himself filed a no-
tice of appeal on January 14, 2008.

raised to the Court of Appeals and were rejected on their merits.  The remaining argument in the pro se supplemental brief is that this Court "improperly instructed the jury that the issue was whether a crime had been committed, without properly instructed the jury[] whether it was appellant that committed the crime." (Id. at 3.)  Because Shishkin did not object to the jury instructions on this ground at trial, the instructions would have been reviewed on appeal for plain error, which is an error that "'affects a substantial right' and 'seriously affects the fairness, integrity, or public reputation of the judicial proceedings.'" United States v. Middlemiss, 217 F.3d 112, 121 (2d Cir. 2000) (quoting United States v. Zvi, 168 F.3d 49, 58 (2d Cir. 1999)).  Shishkin's argument, to the extent the Court can discern it, appears to be a challenge to this Court's instructions on the overt act requirement of conspiracy to commit visa fraud in violation of 18 U.S.C. §§ 371 and 1546(a).  The Court has reviewed the relevant portions of its jury instructions and finds them to be without error. (Trial Tr. 1257-1261.)  Shishkin is not entitled to coram nobis relief on this claim.

## CONCLUSION

For the foregoing reasons, Shishkin's petition is denied.  Since Shishkin has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: December 2 _, 2013
       Brooklyn, N.Y.

                                          s/Carol Bagley Amon
                                          Carol Bagley Amon
                                          Chief United States District Judge